56 F.3d 80
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 A.L. MILLER, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7029.
 United States Court of Appeals, Federal Circuit.
 May 8, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 BRYSON, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss A.L. Miller's appeal for lack of jurisdiction. Miller has not responded.
 
 
 2
 In 1991, the regional office denied Miller's request to reopen his claim for entitlement to service connection for residuals of a right leg injury. The Board of Veterans Appeals found that the evidence submitted by Miller was new but not material because it did not link his claimed medical condition to service. The Court of Veterans Appeals summarily affirmed the Board's decision. Miller appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Miller argues that his medical records are incomplete and that the missing records would have supported his claim. He also contends that his lay testimony should have been given more weight. In essence, Miller is challenging the weight given to the evidence and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.